UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTAGIO CORPORATION,

    Petitioner,

    v.

TIGER OAK PUBLICATIONS, INC.,

    Respondent.

_____/

No. C 06-3592 PJH

**ORDER DENYING MOTIONS TO COMPEL ARBITRATION, STRIKE DEMAND FOR JURY TRIAL, AND DISMISS COMPLAINT**

    Petitioner's motion to compel arbitration and motion to strike demand for jury trial, and respondent's motion to dismiss for lack of personal jurisdiction, came on for hearing before this court on August 16, 2006. Petitioner, Intagio Corporation ("Intagio"), appeared through its counsel, Russell I. Glazer and Steven Lewicky. Respondent, Tiger Oak Publications, Inc. ("Tiger Oak"), appeared through its counsel, James M. Dombroski. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES petitioner's motion to compel arbitration, DENIES petitioner's motion to strike demand for jury trial, and DENIES respondent's motion to dismiss the complaint for lack of personal jurisdiction, for the reasons stated at the hearing, and summarized as follows.

    Pursuant to section 4 of the Federal Arbitration Act, the court will issue an order compelling arbitration only if the following two-pronged test is satisfied: (1) a valid agreement to arbitrate exists; and (2) that agreement encompasses the dispute at issue. See 9 U.S.C. § 4; United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 766 (9th Cir. 2002). Where neither of these prongs is met, the court must decide the issue. Moreover, where a party opposing a motion to compel arbitration timely requests it, the party is

entitled to a jury trial on the issue whether an agreement to arbitrate exists. See 9 U.S.C. § 4.

Here, the parties dispute the fundamental question whether Tiger Oak ever assented to the two purported agreements that Intagio claims as the basis for the parties' arbitration agreement. This preliminary issue, which questions the actual making of the arbitration agreements in question, must be resolved by the court before the court can conduct the two prong analysis described above to decide whether arbitration is warranted. See Three Valleys Municipal Water Dist. v. E.F. Hutton & Co., Inc., 925 F.2d 1136, 1140-41 (9th Cir. 1991)( "[B]ecause an 'arbitrator's jurisdiction is rooted in the agreement of the parties,'... a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the existence of an agreement to arbitrate.").

As to this issue, there are material disputes of fact. See Declarations of Cynthia Koral and Don Scherer in Opposition to Respondent's Motion to Dismiss, cf. Declarations of Melissa Coffman, Craig Bednar, and Joseph DiMarino in Opposition to Petitioner's Petition to Compel Arbitration. Furthermore, these disputes must be decided by a jury, in view of Tiger Oak's timely request for a jury trial on the issue whether an agreement to arbitrate exists, and the fact that a jury trial in such circumstances is expressly allowed pursuant to section 4 of the Federal Arbitration Act.

For these reasons, the court at this juncture DENIES petitioner's motion to compel arbitration, and DENIES petitioner's request to strike respondent's jury trial demand. Furthermore, although respondent has filed a motion to dismiss for lack of personal jurisdiction, arguing lack of minimum contacts, petitioner is relying on the very agreements at issue here in order to prove that sufficient minimum contacts exist. For that reason, respondent's motion to dismiss must also be, and hereby is, DENIED pending resolution of the material disputed facts regarding the existence of the arbitration agreements.

The court's denial of both petitioner's motion to compel arbitration, and respondent's motion to dismiss, is without prejudice, and the parties are free to re-file new motions once

a determination has been made regarding the existence of the above agreements.

Respondent's motion for Rule 11 sanctions is WITHDRAWN, as stated at the hearing. The parties' evidentiary objections are OVERRULED without prejudice and may be made before or at trial as necessary.

**IT IS SO ORDERED.**

Dated: August 18, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge