James M. Dombroski - SBN 56898
LAW OFFICE OF JAMES M. DOMBROSKI
Post Office Box 751027
Petaluma, CA 94975
Tel: 707-762-7807
FAX: 707-769-0419

Attorneys for Defendant
Tiger Oak Publications, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTAGIO CORPORATION, | **Civil No. C06 3592 PJH** |
| Petitioner, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| TIGER OAK PUBLICATIONS, INC., | |
| Respondent. | |

Subject to the approval of this Court, the parties hereby stipulate to the following

protective order:

1.    In connection with discovery proceedings in this action, the parties may designate

any document, thing, material, testimony or other information derived therefrom, as

"Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").

Confidential information is information which has not been made public and which concerns or

relates to the processes, operations, type or work, or apparatus, or to the production, sales,

internal emails, shipments, purchases, transfers, identification of customers, inventories, amount

or source of any income, profits, losses, or expenditures of any persons, firm, partnership,

corporation, or other organization, the disclosure of which information may have the effect of

causing harm to the competitive position of the person, firm, partnership, corporation, or to the

organization from which the information was obtained.

1

2.      By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so designated either: 1) by stamping copies of the document produced to a party with the legend "CONFIDENTIAL," or 2) within ten days of the entry of this Order, by providing to counsel a list of documents previously exchanged in discovery that shall be considered Confidential, identifying each such by Bates number(s). Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.      Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.      Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.      Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

     (a)      a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

     (b)      experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

     (c)      court reporter(s) employed in this action;

     (d)      a witness at any deposition or other proceeding in this action; and

2

1              (e)     any other person as to whom the parties in writing agree.

2         Prior to receiving any Confidential Material, each "qualified person" shall be provided

3 with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment

4 A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

5        6.     Depositions shall be taken only in the presence of qualified persons.

6        7.     Nothing herein shall impose any restrictions on the use or disclosure by a party of

7 material obtained by such party independent of discovery in this action, whether or not such

8 material is also obtained through discovery in this action, or from disclosing its own Confidential

9 Material as it deems appropriate.

10       8.     If either party wishes to prevent particular Confidential Material that is exchanged

11 in discovery from being submitted by the other party to the Court except under seal, the

12 producing party shall designate, in writing, each such document at the time of its production in

13 discovery, and within three (3) days thereafter the producing party shall file a request with the

14 Court that the particular document(s) or other Confidential Material not be filed in the case

15 except under seal. Pursuant to Local Rule 79.5 and Judge Hamilton's Standing Order for Cases

16 Involving Sealed or Confidential Documents (the "Standing Order"), the party wishing to restrict

17 filing of particular document(s) or other Confidential Material to filing under seal shall set forth

18 in its written request to the Court good cause for entry of such an order, and shall provide the

19 Court with a proposed order. All requests pursuant to this paragraph shall comply with Local

20 Rule 79.5 and with the Standing Order.

21       9.     In the event that any Confidential Material is used in any court proceeding in this

22 action, it shall not lose its confidential status through such use, and the party using such shall

23 take all reasonable steps to maintain its confidentiality during such use.

24       10.    This Order shall be without prejudice to the right of the parties (i) to bring before

25 the Court at any time the question of whether any particular document or information is

26 confidential or whether its use should be restricted or (ii) to present a motion to the Court under

27 FRCP 26(c) for a separate protective order as to any particular document or information,

28 including restrictions differing from those as specified herein. This Order shall not be deemed to

3

1   prejudice the parties in any way in any future application for modification of this Order.

2       11.    This Order is entered solely for the purpose of facilitating the exchange of

3   documents and information between the parties to this action without involving the Court

4   unnecessarily in the process. Nothing in this Order nor the production of any information or

5   document under the terms of this Order nor any proceedings pursuant to this Order shall be

6   deemed to have the effect of an admission or waiver by either party or of altering the

7   confidentiality or nonconfidentiality of any such document or information or altering any

8   existing obligation of any party or the absence thereof.

9       12.    This Order shall survive the final termination of this action, to the extent that the

10  information contained in Confidential Material is not or does not become known to the

11  public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of

12  information disclosed hereunder. Upon termination of this case, counsel for the parties shall

13  assemble and return to each other all documents, material and deposition transcripts designated

14  as confidential and all copies of same, or shall certify the destruction thereof.

15      SO STIPULATED:

16      DATED:   January 4, 2007.

17

18                                  STEVEN J. LEWICKY

19                                  Attorney for Plaintiff Intagio Corporation

20      DATED:   January 4, 2007.

21

22                                  JAMES M. DOMBROSKI

23                                  Attorney for Defendant Tiger Oak Publications, Inc.

24  APPROVED AND SO ORDERED:

25      DATED:   January 8, 2007.

26

27                                  Honorable

28                                  IT IS SO ORDERED
                                    Judge Phyllis J. Hamilton

                                    4

## **ATTACHMENT A**

### NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Intagio Corporation v. Tiger Oak Publications, Inc.*, United States District Court for the Northern District of California, Civil Action No. C06 3592 PJH, and hereby agree to comply with and be bound by the terms of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

_____

5