United States District Court

For the Northern District of California

1

2

3 UNITED STATES DISTRICT COURT

4 NORTHERN DISTRICT OF CALIFORNIA

5

6

7 INTAGIO CORPORATION,

8         Plaintiff(s),                          No. C 06-3592 PJH

9     v.                                         **ORDER DENYING DEFENDANT'S
                                                 MOTION TO DISMISS AND MOTION**
10 TIGER OAK PUBLICATIONS INC.,                  **TO DISQUALIFY**

11        Defendant(s).
   _____/
12

13        This matter came on for hearing on defendant Tiger Oak Publications' ("Tiger Oak")

14 motion to dismiss for lack of personal jurisdiction and motion to disqualify plaintiff's counsel

15 Steve Lewicky.  Steven Lewicky appeared for plaintiff Intagio Corporation ("Intagio") and

16 James Dombroski appeared for defendant.  The court DENIES both motions for the

17 reasons stated at the hearing and summarized below.

18        As the court previously held in denying defendant's first motion to dismiss for lack of

19 personal jurisdiction, because plaintiff relies on the very contract at issue in support of its

20 assertion that defendant has sufficient minimum contacts to support personal jurisdiction in

21 this forum, the existence of jurisdiction cannot be determined until the disputed facts

22 regarding the existence of the contract are resolved.  Whether or not Lewicky testifies at

23 trial is not dispositive of plaintiff's ability to authenticate the contract at trial nor does it have

24 any bearing on his prior declaration.  Defendant shall file no further motions to dismiss,

25 without leave of court, for lack of personal jurisdiction until the factual dispute regarding the

26 existence of the contract is resolved by the court or by a jury.

27        With regard to the motion to disqualify Steve Lewicky, the court finds that defendant

28 has not raised an issue requiring Lewicky's immediate disqualification and with respect to

Lewicky's testifying at trial, plaintiff and Lewicky need only comply with Rule 2-111(A)(4) of the Rules of Professional Conduct of the State Bar of California.  <u>See</u> Civil Local Rule 11-4; <u>Optyl Eyewear Fashion v. Style Companies</u>, 960 F.2d 1045 (9th Cir. 1985); and <u>Lyle v. Superior Court</u>, 122 Cal.App.3d 470 (1981).  Rule 2-111(A)(4) requires the written consent of the client which must be filed with the court not later than the commencement of trial. There is plenty of time for compliance.

Motions DENIED.  (Docket numbers 60 and 62)

**IT IS SO ORDERED.**

Dated: January 31, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

**United States District Court**
For the Northern District of California

2