UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTAGIO CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>TIGER OAK PUBLICATIONS, INC.,<br><br>    Defendant.<br>_____/ | No. C-06-3592 PJH (EMC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE DEPOSITION NOTICES, MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS, AND MOTION FOR SANCTIONS; AND DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>**(Docket Nos. 54-56, 65)** |

Intagio's motions to enforce deposition notices, to compel production of documents, and for sanctions came on for hearing along with Tiger Oak's motion for protective order on January 31, 2007. Having considered the papers and argument of counsel, and good cause appearing therefor, the Court hereby **GRANTS** Intagio's motions and **DENIES** Tiger Oak's motion for the reasons stated in the record, as supplemented herein below.

## I.   DISCUSSION

A.   Intagio's Motion to Enforce Deposition Notices

Although there is an initial presumption that depositions of a defendant should be taken in the district of its place of business, *see Rapoca Energy Co., L.P. v. AMCI Exp. Corp.*, 199 F.R.D. 191 , 193 (W.D. Va. 2001), that presumption is not conclusive. The Court also consider factors such as the location of counsel for both parties, the size of the corporation, and the economy

obtained by having the discovery occur in the forum court. *See Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988); *see also* 7-30 Moore's Fed. Prac. -- Civ. § 30.20[1][b][ii]. In the instant case, lead counsel for both parties are located in this District. There is no showing that Tiger Oak is so small that having its president out of the office for two or three days will have a substantial impact on its operations. Moreover, counsel for Tiger Oak stated that Ms. Coffman, who is located in Washington, frequently flies back and forth between Washington and Minnesota. Finally, a court-ordered mediation is scheduled to take place in February in this District; Mr. Bednar's participation will likely facilitate that mediation. Intagio has agreed to schedule the deposition so that Mr. Bednar need only take one trip should he attend the mediation.

As to Ms. Coffman, she is usually in the state of Washington. The trip to this District is short and will not create a great inconvenience.

The depositions of Mr. Bednar and Ms. Coffman will take place in San Francisco the first and second day prior to the mediation herein (*i.e.*, on February 12 and 13, 2007). Intagio will be responsible for reasonable travel costs of both deponents, except that, if Mr. Bednar attends the mediation, Intagio will pay one-half of his travel expenses.

B.  Intagio's Motion to Compel Production of Documents

Intagio contends that documents were not timely produced and further that many documents are still owed. The Court directs Tiger Oak's counsel to go over Intagio's reply brief on this motion, which lists the suspected deficiencies in production, with a responsible and knowledgeable representative of Tiger Oak and determine whether there are any more documents responsive to the requests that should be produced. By February 9, 2007, Tiger Oaks shall produce all additional documents responsive to Intagio's requests and certify that all responsive documents have been produced. That certification shall be given under oath and shall describe search efforts undertaken by Tiger Oak.

C.  Intagio's Motion for Sanctions

Intagio moves for attorney's fees and costs pursuant Federal Rule of Civil Procedure 37(a)(4). The Court denies the motion with respect to Intagio's motion to enforce deposition notices because Tiger Oak's position on the merits of the location question was substantially justified.

1  There is an initial presumption that the depositions should take place at the place of the defendant's
2  business. However, Tiger Oak should have sought a protective order before the deposition dates
3  rather than unilaterally refusing to appear at the depositions. Thus, although Intagio is not entitled to
4  fees and costs in bringing this motion (since it would have incurred fees and costs in opposition to a
5  timely motion for protective order), Intagio is entitled to the court reporter fees incurred and for one
6  hour of counsel's time in attending each of the depositions at which Tiger Oak did not appear (*i.e.*,
7  total fees of $700).

8  As to the motion to compel production of documents, Tiger Oak's failure to promptly
9  provide documents identified in its response to the production request was not substantially justified.
10 There was no need to await stipulation on a protective order before producing the vast majority of
11 documents which were not designated confidential. Lead counsel's busy schedule does not
12 constitute substantial justification for failing to comply with the Federal Rules. Moreover, as
13 counsel stated at the hearing, Tiger Oak had local counsel in Minnesota that could have facilitated a
14 timely production of documents. The documents were not produced until after this motion was
15 filed. Accordingly, Intagio is entitled to reasonable fees and costs incurred in making this motion.

16 Intagio seeks $8,750 in fees and costs in bringing the motion to compel production of
17 documents. As the Court indicated at the hearing, counsel from both parties have engaged in gross
18 inefficiencies in connection with the instant discovery motions, filing massive amounts of papers
19 and numerous briefs, much of which contained irrelevant or marginal issues or were repetitive. The
20 issue is a simple one that could have been briefed in a few pages. Accordingly, the Court concludes
21 that *reasonable* fees for the motion to compel production of documents, including efforts to meet
22 and confer, should not exceed $2,000. The Court therefore awards $2,000 for fees and costs in
23 connection with this motion.

24 D.     Tiger Oak's Motion for Protective Order
25       In view of the above, Tiger Oak's motion for protective order is denied.
26 E.     Future Discovery Matters
27       The inefficiencies of both counsel in this case and their failure to resolve the discovery
28 disputes herein are particularly troubling because the underlying dispute involves only slightly more

3

than $70,000, and the current proceedings before Judge Hamilton only involve arbitrability, not the ultimate question of liability on the merits. The conduct of the litigation thus far violates the spirit of Federal Rule of Civil Procedure 1, which is designed to secure the "just, speedy, and inexpensive determination" of every action as well as the proportionality requirements of Rule 26(b)(2). If this manner of litigation is not arrested, counsel will likely force their respective clients to incur attorney's fees far exceeding the amount in controversy.

Accordingly, should any future discovery dispute arise, the parties shall meet and confer in earnest and in good faith to resolve the dispute. If necessary, they will then file a joint letter not exceeding three pages in length describing the precise dispute(s) and stating their respective positions as to each such dispute(s). The Court will then decide whether additional briefing or hearing is needed. Counsel is warned that the Court may also require counsel to attend an in-person meet and confer at the courthouse and, if circumstances warrant, require the attendance by the clients.

This order disposes of Docket Nos. 54-56 and 65.

IT IS SO ORDERED.

Dated: February 5, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge