UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTAGIO CORPORATION, | No. C-06-3592 PJH (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S EX PARTE MOTION FOR THIRTY-DAY EXTENSION** |
| TIGER OAK PUBLICATIONS, INC., | |
| Defendant. _____/ | **(Docket No. 111)** |

Defendant Tiger Oak Publications, Inc. has filed an ex parte motion asking for thirty additional days to respond to written discovery propounded by Plaintiff Intagio Corp. The written discovery consists of twenty interrogatories, fifty-four requests for admission, and two document requests. Currently, the responses are due on June 26, 2007. According to Tiger Oak, an extension is needed because, at or about the time that the responses are due, its main attorney is on jury duty and then on a pre-planned vacation and because the Tiger Oak employees who must be contacted in order to respond to the discovery are located in Minnesota. Tiger Oak also argues that Intagio will not suffer any prejudice from an extension since, *inter alia*, discovery does not close until September 4, 2007.

As a preliminary issue, the Court notes that Tiger Oak's motion is not a proper ex parte matter. *See* Civ. L.R. 7-10 (providing that "a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an ex parte basis"). Furthermore, the Court previously instructed the parties that, for any future discovery dispute, they should submit

a joint letter. That was not done here. However, Intagio has already submitted an opposition to Tiger Oak's ex parte motion and, in the interest of moving the litigation forward, the Court addresses the merits of Tiger Oak's request for relief.

The discovery sought by Intagio is not insignificant, consisting of, as noted above, more than seventy requests total. That being said, in spite of the number of requests, the discovery is not overly burdensome. For example, the requests for admission are, as a general matter, uncomplicated and straightforward. The interrogatories would seem to require the most effort but they are limited to twenty in number. The Court would ordinarily expect that responses to such discovery could be provided in thirty days – even taking into account that Tiger Oak's employees are not located in California.

However, the Court would also expect that parties extend to one another basic "litigation courtesies." Because, in the instant case, Tiger Oak's main attorney is dealing with other matters that make it more difficult to provide discovery responses in a timely manner, and Intagio has not demonstrated that it would be prejudiced by an extension (especially in light of the discovery cut-off), an extension is justified. While Intagio was willing to give an extension to Tiger Oak, that was conditioned on Tiger Oak's giving up the right to, *e.g.*, file any papers (other than responses to Intagio submissions) during the 30-day extension period. Such a limitation was patently unreasonable.

The Court therefore grants Tiger Oak's request for an extension. The Court further takes this opportunity to forewarn both parties that a failure to meet and confer in good faith will lead to imposition of sanctions on both parties.

This order disposes of Docket No. 111.

IT IS SO ORDERED.

Dated: June 20, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge