United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTAGIO CORPORATION, | No. C-06-3592 PJH (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTERS OF SEPTEMBER 13, 2007** |
| TIGER OAK PUBLICATIONS, INC., | |
| Defendant. | **(Docket Nos. 142-46, 148)** |
| _____/ | |

On September 13, 2007, the parties filed with the Court three joint letters regarding discovery disputes. Having reviewed those letters and their accompanying submissions, the Court hereby rules as follows.

A.   Interrogatories

Intagio argues that Tiger Oak's responses to Interrogatories Nos. 18 and 19 are incomplete. The Court agrees. The interrogatory asks Tiger Oak if it contends *it* did not receive certain Powerpoint presentation slides to describe all evidence supporting such contention. Tiger Oak's responses state only that its president, CEO, and CFO did not receive the slides. It does not respond to the full scope of the interrogatory. Accordingly, the Court orders Tiger Oak to provide a full and complete response to each interrogatory.

Because the interrogatory responses only provide evidence in support of the claim that the President, CEO, and CFO (and not Tiger Oak as an entity) did not receive the slides, if the denial is broadened to include Tiger Oak, it must describe all evidence supporting that broader denial.

As to Mr. Bednar, however, the Court will not require Mr. Bednar to re-affirm the veracity of his prior deposition. If Intagio believes that documents contradict his prior testimony, it can present

1  such evidence to the finder of fact. While Intagio could have sought to redepose Mr. Bednar based
2  on documents produced after his deposition, it did not do so.
3       Finally, Intagio's request that Tiger Oak identify its expert referred to in its interrogatory
4  response is moot. *See* Docket No. 144, Ex. 9 (Grzincich declaration).
5  B.    <u>Requests for Admission</u>
6       At issue here is whether or not Tiger Oak should be compelled to respond to Intagio's
7  Requests for Admission Nos. 26-54. The Court finds that the parties did agree to a maximum of
8  twenty-five requests for admission. *See* Docket No. 41, Ex. 1, at 4. That the agreement was
9  provided in a proposed joint discovery plan which was not formally signed off on by the presiding
10 judge is irrelevant. Tiger Oak's objections to the requests for admission were therefore appropriate.
11      That being said, the parties' stipulation does not bar Intagio from seeking relief from the
12 agreement. *Cf.* Fed. R. Civ. P. 33(a) (limiting interrogatories to twenty-five in number but providing
13 that "[l]eave to serve additional interrogatories shall be granted to the extent consistent with the
14 principles of Rule 26(b)(2)"). Here, the Court finds that the benefit of the additional requests for
15 admission outweighs any burden to Tiger Oak. As the Court noted in its order of June 20, 2007, the
16 requests for admission are, as a general matter, uncomplicated and straightforward. *See* Docket No.
17 114. More important, they advance the litigation by potentially limiting the issues for trial.
18 Accordingly, the Court orders Tiger Oak to provide responses to the requests for admission within
19 twenty (20) days of the date of this order.
20      Tiger Oak contends that the Court should not grant the above relief because Intagio did not
21 make any argument in the parties' joint letter that it should be relieved from the parties' stipulation.
22 The Court does not agree. Intagio sufficiently raised the argument by contending that the requests
23 should be answered because they were "sought to partially compensate for the harm to its case
24 preparation caused by Tiger Oak's late document production" and because they were not unduly
25 burdensome. Docket No. 143. In substance and in effect, Intagio did seek to demonstrate good
26 cause for the additional requests for admissions. In the parties' joint letter, Tiger Oak made little
27 argument in response to these substantive contentions, resting primarily on the fact that the parties
28

1  had stipulated to only twenty-five requests for admission. Tiger Oak's assertion, therefore, that it
2  has not been given notice and an opportunity to be heard is not well taken.[1]

3  C.     Sanctions

4      Intagio asks that it be awarded attorney's fees as a sanction against Tiger Oak based on (1)
5  Tiger Oak's failure to provide complete responses to Interrogatories Nos. 18 and 19; (2) Tiger Oak's
6  failure to respond to Requests for Admission Nos. 26-54; and (3) Tiger Oak's failure to timely
7  produce electronic documents in electronic form.

8      The Court shall not award any sanctions with respect to the second category. As noted
9  above, Tiger Oak's position concerning the stipulation regarding the requests for admission was
10 technically correct, and thus its opposition, though not meritorious, was substantially justified.

11     In addition, the Court shall not award any sanctions with respect to the third category. The
12 Court does disagree with Tiger Oak that Intagio never asked for documents in pst form until April
13 2007. Intagio's document requests specifically stated that e-mails should be produced in their
14 original electronic form. *See* Docket No. 144, Ex. B, at 2. The Court further has reservations about
15 why Exhibit 33 was not produced in its original electronic form (*i.e.*, pst rather than txt) and about
16 whether Tiger Oak conducted a reasonably diligent search for electronic documents in response to
17 the discovery request. But, even if the Court were inclined to award sanctions because of Tiger
18 Oak's failure to timely produce electronic documents in electronic form, it cannot because Intagio

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

[1] The Court further notes that Tiger Oak had at least six days between the time the joint letter was filed and the hearing on the discovery dispute to formulate a response to Intagio's argument that the requests for admission were necessary and were not unduly burdensome.

never filed a motion to compel.[2] *See* Fed. R. Civ. P. 37(a)(4) (noting that if a motion is granted or if discovery is provided after the motion is filed then the court shall award reasonable expenses).

However, the Court shall award sanctions with respect to the first category. As noted above, Tiger Oak failed to provide complete responses. Moreover, the responses were obviously incomplete. Tiger Oak unilaterally chose to narrow its responses to address whether its president, CEO, and CFO ever received the slides whereas the interrogatories clearly asked whether Tiger Oak had ever received the slides. Tiger Oak argues that sanctions should not be awarded because Intagio failed to adequately meet and confer about the incompleteness of its interrogatory responses. However, the parties did meet and confer on September 8, 2007. *See* Docket No. 142. Tiger Oak delayed until September 12, 2007, to provide supplemental responses, although it knew that Intagio had to file any motion to compel by the next day, and it provided responses that were obviously incomplete. When Intagio provided its portion of the joint letter explaining why the answers were incomplete, Tiger Oak never made any response that it would further supplement the answers.

///
///
///
///
///
///

---

[2] The Court acknowledges receipt of Intagio's letter, dated September 19, 2007, in which it claims that it erroneously stated at the hearing on the sanctions motion that it had failed to file a motion to compel. *See* Docket No. 151. But this letter is not appropriate for submission.

First, at the conclusion of the hearing on September 19, 2007, the Court took the matter under submission. Intagio did not seek leave to file a post-argument brief. The letter is thus out of time and procedure. *Cf.* Civil Local Rule 7-3(d) (once a reply brief is filed, there may be no additional memoranda, papers, or letters without prior Court approval, except for Statement of Recent Decision which may be filed prior to noticed hearing date).

Second, even if the Court were to accept the September 19 letter, Intagio is making an argument that it never offered before -- *i.e.*, that Tiger Oak failed to comply with the Court's order of February 5, 2007. The Court also notes that the previous motion to compel filed by Intagio simply addressed the failure of Tiger Oak to produce documents; it did not specifically raise the issue of failure to produce electronic documents in electronic form.

As to what amount of sanctions are appropriate, Intagio contends that its attorney spent twenty-four hours, at an hourly rate of $350, addressing both the interrogatories and requests for admission. *See* Lewicky Decl. ¶ 24. The Court presumes that half of the time was spent on the interrogatories alone. Hence the Court will award to Intagio, pursuant to Rule 37(a)(4), fees in the amount of $4,200.

This order disposes of Docket Nos. 142-46 and 148.

IT IS SO ORDERED.

Dated: September 20, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

5