UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTAGIO CORPORATION,

    Plaintiff,

    v.

TIGER OAK PUBLICATIONS, INC.,

    Defendant.

_____/

No. C 06-3592 PJH

**ORDER DENYING MOTION TO REMAND, GRANTING MOTION TO STRIKE, DENYING MOTION TO DISMISS, AND VACATING DEFAULT**

Plaintiff's motions to remand the action, and to strike and/or dismiss defendant's counterclaims, as well as counterdefendants' motions to remand, and strike and/or dismiss the counterclaims, came on for hearing before this court on September 12, 2007. Plaintiff, Intagio Corporation ("Intagio"), appeared through its counsel, Russell I. Glazer. Defendant, Tiger Oak Publications, Inc. ("Tiger Oak"), appeared through its counsel, James M. Dombroski. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff and counterdefendants' motions to remand, GRANTS plaintiff's and counterdefendants' motion to strike defendants' counterclaims, and DENIES as MOOT plaintiff's and counterdefendants' motions to dismiss the counterclaims, for the reasons stated at the hearing, and summarized as follows.

    1.    Plaintiff's and counterdefendants' motion to remand the action for lack of subject matter jurisdiction is DENIED. Defendant's Notice of Removal clearly establishes a basis for finding that the requirements for diversity jurisdiction are satisfied, and plaintiff has failed to controvert the existence of diversity jurisdiction with any evidence of its own.

Moreover, to the extent defendant's First Amended Answer and Counterclaim appear to deny the existence of subject matter jurisdiction, defense counsel satisfactorily explained at the hearing on this matter that such denial was made with the sole purpose of preserving defendant's objections with respect to the fundamental arbitrability of the instant action.

2. Plaintiff's and counterdefendants' motions to strike defendant's counterclaims are hereby GRANTED. Defendant's opposition to the underlying Petition to Compel Arbitration, filed on July 12, 2006, constituted defendant's original responsive pleading, as indicated by defendant's detailed "factual response" therein setting forth the grounds for the defenses and counterclaims asserted by defendant in its July 2, 2007 First Amended Answer and Counterclaim. Accordingly, defendant's First Amended Answer and Counterclaim is to be construed, as its title indicates, as a first amended pleading. As such, and in view of the court's scheduling order granting the parties until July 2, 2007 to seek leave to amend their pleadings, defendant's amended answer and counterclaims are untimely, and violate Federal Rules of Civil Procedure 13, 14, and 15. Since plaintiff's and counterdefendants' motions to strike target only defendant's counterclaims, however, it is the counterclaims that are hereby STRICKEN, with prejudice, and defendant's answer is permitted to stand as pled.

3. Plaintiff's and counterdefendants' motions to dismiss defendant's counterclaims are hereby DENIED as MOOT, in view of the court's order striking the counterclaims.

Additionally, having now considered the parties' supplemental briefing on the question whether the August 16, 2007 entry of default as to counterdefendant Joseph DiMarino is valid in view of the court's ruling herein, the court hereby VACATES the entry of default as to Mr. DiMarino. Defendant's counterclaims against him are stricken in the interest of justice, given the invalidity of those counterclaims (as stated above), and Mr.

DiMarino's bankruptcy status.

**IT IS SO ORDERED.**

Dated: September 21, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge