UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTAGIO CORPORATION,

    Plaintiff,

    v.

TIGER OAK PUBLICATIONS, INC.,

    Defendant.

_____/

No. C 06-3592 PJH

**ORDER GRANTING SUMMARY JUDGMENT IN PART AND DENYING SUMMARY JUDGMENT IN PART**

    Plaintiff's motion for summary judgment or in the alternative, for summary adjudication, came on for hearing before this court on October 31, 2007. Plaintiff, Intagio Corporation ("Intagio"), appeared through its counsel, Russell I. Glazer. Defendant, Tiger Oak Publications, Inc. ("Tiger Oak"), appeared through its counsel, James M. Dombroski. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES summary judgment in part and GRANTS summary judgment in part, for the reasons stated at the hearing, and summarized as follows.

    1.    Summary judgment in plaintiff's favor is GRANTED with respect to defendant's affirmative defense of fraud, insofar as defendant's fraud claim rests on the assertions that (1) plaintiff's agent and/or employee fraudulently induced defendant's employee, Mr. DiMarino, to sign the agreements in question by failing to disclose to him that a cash fee was required; and (2) plaintiff's agent and/or employee conspired with Mr. DiMarino to fraudulently conceal execution of the agreements from defendant's President, Mr. Craig Bednar. First, as a matter of law, defendant cannot raise a disputed issue of fact as to whether the cash fee was disclosed, since the evidence demonstrates that the

Corporate Client Trading Agreement, and the PowerPoint presentation sent to Mr. DiMarino on August 4, 2005, adequately disclosed the existence of a cash fee.  See, e.g., Cohen v. Wedbush, Noble, Cooke, Inc., 841 F.2d 282, 287-88 (9th Cir. 1988), overruled on other grounds in Ticknor v. Choice Hotels Int'l., Inc., 265 F.3d 931, 941 (9th Cir. 2001).  Second, the undisputed evidence demonstrates that Mr. Bednar was aware of plaintiff's proposed agreements prior to execution of the agreements; plaintiff cannot, therefore, be said to have concealed the agreements from him.

To the extent, however, that defendant's fraud defense alleges other means by which fraud was committed by plaintiff, as set forth in paragraphs 13-23 of defendant's First Amended Answer and Counterclaim[1], plaintiff's motion for summary judgment is DENIED.

2. Plaintiff's motion for summary judgment is DENIED with respect to defendant's affirmative defense alleging Mr. DiMarino's lack of authorization to enter into the agreements in question.  Neither side disagrees that the fundamental question before the court is whether the undisputed facts, taken as a whole, support the conclusion that Mr. DiMarino had a reasonable belief that Mr. Bednar granted him the authority to execute the agreements with plaintiff.  See, e.g., Tomerlin v. Canadian Indem. Co., 61 Cal. 2d 638, 643-44 (Cal. 1964)(actual authority "arises as a consequence of conduct of the principal which causes an agent reasonably to believe that the principal consents to the agent's execution of an act on behalf of the principal")("to establish actual or ostensible authority the principal's consent need not be express").  The court finds, however, that a material dispute of fact exists with respect to this fundamental issue whether Mr. Bednar's actions could have led Mr. DiMarino to reasonably believe that he possessed actual authority to enter into the contracts at issue.  See Lewicky Decl., Ex. O; cf., e.g., Bednar Decl., ¶¶ 3-6.  As such, the matter must accordingly be decided by the trier of fact.

---

[1] Although defendant's counterclaims were stricken by order of the court dated September 21, 2007, the court nonetheless refers to the allegations contained therein, in view of the fact that defendant's affirmative defense of fraud states, "the averments of which are made in Tiger Oak's counterclaims herein."

3. Plaintiff's motion for summary judgment with respect to defendant's remaining affirmative defenses is DENIED. The affirmative defenses shall remain in the case. In the event that a jury determines that defendant did, in fact, validly enter into the underlying agreements, the defenses will then go to the arbitrator for resolution.

The court furthermore OVERRULES defendant's evidentiary objections, filed in opposition to plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: November 14, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge