UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTAGIO CORPORATION,

    Plaintiff,

    v.

TIGER OAK PUBLICATIONS INC.,

    Defendant.
_____/

No. C 06-3592 PJH

**FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order. The pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

I. <u>MOTIONS IN LIMINE</u>

**Plaintiff:**

1) Motion to exclude evidence and argument regarding defendant's fraudulent inducement defense is GRANTED, to the extent that such evidence or argument is based on plaintiff's purported failure to disclose that a cash fee was required.

2) Motion to exclude evidence and argument regarding defendant's fraudulent inducement defense is furthermore GRANTED, to the extent that such evidence or argument is based on plaintiff's purported concealment of the agreements at issue from defendant's president, Mr. Bednar.

3) Motion to exclude evidence or argument that the agreements at issue are unconscionable, illegal, or otherwise invalid, is GRANTED. The court will entertain at trial only those issues going to defendant's agreement and authority to enter into the arbitration clause at issue – namely, those issues going to actual authority, ostensible authority, and/or ratification. Evidence or

1

argument regarding the defense of fraud or fraudulent inducement is only admissible, to the extent such evidence or argument challenges the making of the arbitration provision of the agreements specifically. The court will not consider at trial evidence of fraud at trial, if such evidence challenges the making of the contract generally. See, e.g., Three Valleys Municipal Water Dist., 925 F.2d 1136 (9th Cir. 1991)("if the claim is fraud in the inducement of the arbitration clause itself – an issue which goes to the 'making' of the agreement to arbitrate – the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally..."); see also Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1276-77 (9th Cir. 2006)(same generally).

4) Motion to exclude evidence or argument that Mr. DiMarino failed to read the agreements at issue before signing them is DENIED. Notwithstanding, the defendant may not invoke such evidence or argument as a defense to the agreements at issue. A limiting instruction shall therefore be issued instructing the jury that such evidence or argument is not admissible for purposes of exculpating defendant.

5) Motion to exclude evidence or argument that plaintiff or its counsel conspired to change Mr. DiMarino's sworn testimony is GRANTED.

6) Motion to exclude evidence and argument concerning the damages that either party has incurred, including evidence of attorney's fees, is GRANTED as the evidence is irrelevant. Evidence establishing that the threshold amount has been met to require application of the arbitration agreements, however, is admissible.

7) Motion to exclude evidence or argument concerning Mr. DiMarino's July 11, 2006 Declaration is GRANTED. The declaration constitutes hearsay, and defendant has failed to demonstrate that any exception applies.

**Defendant:**

1) Motion to exclude October 31, 2006 Declaration of Mr. DiMarino is GRANTED, as the declaration is hearsay, and no exception applies.

2) Motion to exclude Mr. DiMarino's deposition testimony, including all communications to and from Mr. DiMarino, is DENIED as the testimony and evidence are appropriate subjects for trial.

3) Motion to exclude evidence regarding communications to and from the American Arbitration Association is GRANTED, as the communications are irrelevant.

4) Motion to exclude witnesses Mr. Lewicky and Mr. Jeck is DENIED. Both witnesses have been deposed, thereby making plaintiff's initial failure to disclose the witnesses harmless. Furthermore, by separate filing on February 14, 2008, plaintiff has duly submitted its written consent to Mr. Lewicky's testimony as required by this court's prior order.

5) Motion to exclude Addendum D to the agreements at issue is GRANTED in part and DENIED in part. To the extent that either party intends to rely on the handwritten notations contained within the Addendum, the handwritten notations are admissible only if properly authenticated. Otherwise, and without proper authentication of the handwritten notes, such notes must be redacted prior to admission of the document as evidence.

6) Motion to exclude testimony of Kathleen Evans, Stephanie Johnstone, and Don Scherer is DENIED, as the testimony of all is relevant and admissible, and the witnesses were properly disclosed.

7) Motion to exclude all of plaintiff's exhibits with the exception of those setting forth the agreements at issue is DENIED. Any concerns with respect to time consumption and efficiency will be adequately addressed through the imposition of time limits.

1  II.     VOIR DIRE

2       The proposed joint voir dire and plaintiff's separately proposed questions will be
3  incorporated into the court's voir dire of the jury panel.

4  III.    JURY INSTRUCTIONS and VERDICT FORMS

5       The jointly proposed instructions will be given. The court will determine after further
6  argument during a charge conference the separately proposed instructions of plaintiff which
7  number 4 - 15 and defendant's separately proposed instructions which number 9, 19, 16-
8  240. These instruction as appear to be modifications of standard instructions. However,
9  defendant's proposed instructions numbered 25 - 51 will not be given as they are all
10 comprised of language pulled from various cases on various different subjects and are
11 more argumentative than instructive. The parties shall meet and confer for the purpose of
12 agreeing on instructions. The court anticipates that there should be no more than 10
13 instructions on which agreement cannot be reached. The revised joint set along with a
14 blind copy and the no more than 10 contested instructions shall be submitted by **February**
15 **25, 2008**. A jointly proposed verdict form is also required.

16 IV.     TRIAL SCHEDULE AND TIME LIMITS

17      Five days instead of four will be allotted for the trial. We will be in session 8:30 -
18 4:30 the first day and 8:30 - 1:30 for the other days. The court will be dark on Wednesday,
19 its law and motion day. Each party will be permitted 7.5 hours to present its case excluding
20 time for jury selection and closing arguments.

21 V.      SETTLEMENT

22      The parties shall meet and confer about settling this dispute and report to the court
23 no later than **February 25, 2008.**

24      **IT IS SO ORDERED**.

25 Dated: February 19, 2008

26                                                    _____
                                                      PHYLLIS J. HAMILTON
                                                      United States District Judge
27
28

4